**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | *   Criminal Case No. RWT 04-0159 |
| **DAVID SMART** | * |
| | * |
| | * |

**MEMORANDUM OPINION**

On August 24, 2004, the Defendant, David Smart, pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On November 15, 2004, the Court sentenced the Defendant to a period of 188 months imprisonment, followed by a five-year term of supervised release. On August 7, 2008, Defendant filed a Motion for Appointment of Counsel to which he appended a "Memorandum of Law in Support of Motion Seeking Modification of Sentence." (Paper No. 24). The Court construed this filing as two separate motions, one for appointment of counsel, and the other for a modification of sentence. Upon consideration of the motions and the Government's response thereto, for the following reasons, Defendant's motions will be denied.

**ANALYSIS**

As an initial matter, the Court finds that Defendant, proceeding *pro se*, is quite able to articulate his legal claims and present issues for redress by this Court. Therefore, in accordance with the discretion afforded to the Court under 28 U.S.C. § 1915(e)(1), Defendant's Motion for Appointment of Counsel shall be denied.

Turning to the Motion for Modification of Sentence, Defendant bases his request upon Amendment 709, effective November 1, 2007, which relates to the calculation of a defendant's

criminal history score.[1] He argues that Amendment 709 should be applied to him retroactively, which would result in "at least a six point reduction in the base offense level. . ." Motion for Modification of Sentence at 5.

> Pursuant to 18 U.S.C. §3582, a court may reduce a defendant's term or imprisonment:
>
> in the case of a defendant who has been sentenced. . .based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). . .*if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. §3582(c)(2)(emphasis added).

In Section 1B1.10(a)(2) of the Guidelines, the Sentencing Commission set forth its policy statement concerning when a retroactive reduction in sentence can occur based on an amended guidelines range. According to the plain language of that section, a court may *not* modify a defendant's sentence under 18 U.S.C. § 3582 if the amendment at issue is *not* listed in §1B1.10(c):

> Exclusions: A reduction in the defendant's term of imprisonment is not consistent with this policy statement and is therefore not authorized under 18 U.S.C. §3582(c)(2) if. . . [n]one of the amendments listed in subsection (c) is applicable to the defendant. . . .

U.S.S.G. §1B1.10(a)(2) (May 1, 2008).

---

[1] Amendment 709 provides that:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. §4A1.2(a)(2) (2007).

Amendment 709, upon which Defendant grounds his argument, is not listed in §1B1.10(c), meaning that the Sentencing Commission has not authorized resentencing under this Amendment, and the Court cannot consider it as a basis for reconsideration of Defendant's sentence. *See United States v. Godin*, 522 F.3d 133, 134 (1st Cir. 2008) (Amendment 709 has not been made to apply retroactively).

Even assuming, *arguendo*, that Amendment 709 were applicable under § 3582 and §1B1.10 of the Sentencing Guidelines, the Defendant is not entitled to relief . In the Defendant's case, he was arrested for robbery on February 21, 1998, for which he was later charged under Case No. CT98-0657B in Prince George's County Circuit Court.  On April 19, 1998, the Defendant was arrested for Conspiracy to Commit Robbery, for which he was
later charged in Case No. CT98-0759A in Prince George's County Circuit Court. Defendant was sentenced for both offenses on August 14, 1998.  Because there was an intervening arrest–i.e., the Defendant was arrested for the first offense prior to committing the second offense–the prior sentences were correctly counted separately.  *See* U.S.S.G. §4A1.2(a)(2) (2008); United States v. (Kansas) Ellis, ___F.3d ___, 2008 WL 2858808 (D. Kan. July 22, 2008).

For these reasons the Court shall deny Defendant's Motion for Appointment of Counsel and the Motion for Modification of Sentence (Paper No. 24).  A separate Order follows.


Date: October 23, 2008                                   /s/
                                                ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE